PER CURIAM:
Claimant brought this action for vehicle damage sustained when her vehicle struck a hole when she was traveling northbound on U. S. Route 19, approximately one and one-half miles north of Birch River. U. S. Route 19 is a road maintained by respondent in Nicholas County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on March 5, 1997, at approximately 10:30a.m. On the clear morning in question, claimant was proceeding northbound from Craigsville toward Grant County in her 1986 Chevy Cavalier on U. S. Route 19. Claimant travels this portion of highway about once per week. At the *153 time of the incident, construction work had restricted the travel portion of highway to one ten foot lane with a yellow divider line down the middle and no lines on the edges on the pavement. In addition, there were orange and white barrels on the side of the highway. Due to the construction on the highway and the vehicles ahead as well as behind her vehicle, claimant operated her vehicle at a speed of forty-five miles per hour in a sixty-five miles per hour speed zone. Suddenly, claimant observed a hole in the road, but she was unable to avoid it because of her situation. The driver’s side of the vehicle struck a ten to twelve inch hole in the pavement. The impact damaged two tires, broke the vehicle’s windshield and required the vehicle to be re-aligned. The loss sustained by claimant was in the amount of $358.15. Claimant’s liability motor vehicle insurance policy did not provide insurance coverage for this incident.
Respondent a cknowledged t hat t here w as o ngoing c onstruction o n U. S. Route 19. Employees of respondent were familiar with the defective condition of U. S. Route 19, and knew that it was in a bad state of repair. According to respondent, the contractor for the U. S. Route 19 project, J. F. Allen Construction Company, Inc., which was under a “save harmless” obligation to respondent, was responsible for the construction work at the location in question. During the winter months, respondent was on snow and ice removal and had difficulty reaching the contractor. However, r espondent e stablished t hat it p atrolled a nd r epaired h oles r egularly in order to protect the traveling public.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
In this present claim, the evidence established that respondent had actual notice about the hazardous condition of U. S. Route 19 in Nicholas County. As this Court stated in Bailey vs. Div. of Highways (CC-98-146, unpublished opinion issued September 8, 1999), respondent had employees at the construction site responsible for supervising the actions of the contractor with regard to the safety of the traveling public. Respondent had an obligation and a duty to assure that the U. S. Route 19 construction s ite w as m aintained in a p roper m anner s uch t hat it did n ot p ose a hazard to the traveling public. The Court is of the opinion that respondent’s employees are responsible for supervising the actions of the contractor at the construction site, and, on the date of the incident herein, did not take reasonable steps to ensure the safety of travelers upon U. S. Route 19. The failure of respondent’s employees to supervise the contractor properly constitutes negligence for which claimant may recover her loss.
*154 The “save harmless” clause relied upon by respondent is not applicable in a claim of this nature as there is no privity between claimant, a third party, and the parties to the construction contract. See Bailey, id.
In view of the foregoing, the Court is of the opinion to and does make an award to claimant in the amount of $358.15
Award of $358.15